UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS MENDOZA CASTRO;<br>YESENIA MORALES CALIXTO,<br><br>                       Petitioners,<br><br>  v.<br><br>CHRISTOPHER LAROSE, *et al.*,<br><br>                       Respondents. | Case No. 25-cv-02645-BAS-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING LUCAS MENDOZA CASTRO'S PETITION FOR WRIT OF HABEAS CORPUS; AND**<br><br>**(2) DISMISSING AS MOOT YESENIA MORALES CALIXTO'S PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(ECF No. 1)** |

      Petitioners Lucas Mendoza Castro and Yesenia Morales Calixto filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioners claim they were improperly detained by Immigration and Customs Enforcement ("ICE") without bond pending adjudication of their immigration matters. (*Id.*) Petitioners request that this Court order their immediate release on bond. (*Id.*) The Government has responded, arguing: (1) the Petition is moot with respect to Morales Calixto because she was released on bond on October 21, 2025; (2) this Court lacks jurisdiction to adjudicate the Petition

under 8 U.S.C. §§ 1252(g) and 1252(b)(9); and (3) Mendoza Castro is ineligible for bond and subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(b)(2). (ECF No. 9.) Petitioners filed a Traverse. (ECF No. 11.)

The Court finds the Petition is moot with respect to Petitioner Morales Calixto and thus **DISMISSES** her Petition without prejudice. And, for the reasons stated below, the Court **GRANTS** the Petition with respect to Petitioner Mendoza Castro and orders him released on bond pending adjudication of his immigration case.

## I.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## II.     STATEMENT OF FACTS

Petitioners Mendoza Castro and Morales Calixto both entered the United States illegally in 2001 and 2004, respectively. (Pet. ¶ 17.) They "were arrested by ICE agents on June 25, 2025, in the parking lot of the apartment complex where they and their children reside." (*Id.*) On July 18, 2025, an Immigration Judge found that Petitioners had demonstrated they posed neither a danger to the community nor a significant flight risk and ordered them released on $2,000 bond each, together with other conditions of release. (*Id.*) The Department of Homeland Security ("DHS") appealed this determination in light of a recent Board of Immigration Appeals ("BIA") decision—*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025). Pending the appeal, DHS requested that the Immigration Judge's bond decision be stayed.

Morales Calixto was released from ICE custody on October 21, 2025, when DHS elected not to continue with the appeal of her bond. Mendoza Castro, however, remains detained.

## III. ANALYSIS

### A. Mootness

An action becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007). Release from custody after filing a habeas petition does not necessarily moot a petitioner's claim. *Abdala*, 488 F.3d at 1063–64. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064. But "where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.* Thus, "a petitioner's release from detention under an order of supervision moot[ed] his challenge to the legality of his extended detention." *Id.* (alteration in original) (citing *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir. 2002)).

In this case, the Petition requests that the Court order Respondents to release Morales Calixto or order her released on bond. (ECF No. 1.) Respondents have released Morales Calixto on bond. Thus, there remains no additional relief the Court can grant, nor is there any remaining collateral consequence that could be addressed by the Court.

Citing *Spencer v. Kemna*, 523 U.S. 1 (1998), Morales Calixto argues the Court should not find mootness because this is an action "capable of repetition yet evading review." (ECF No. 11.) However, this rule applies "only in exceptional situations." *Spencer*, 523 U.S. at 17. Specifically, two circumstances must be simultaneously present: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citation modified).

    The Court is not convinced that the challenged action, that is, mandatory detention pending adjudication of an immigration petition, is too short to be fully litigated prior to cessation or expiration. As a case in point, Respondents have not released Co-Petitioner Mendoza Castro, and his Petition has had plenty of time to be fully litigated. Even just the ninety-day stay of bond pending appeal gives a petitioner sufficient time to file and have determined a habeas petition under § 2241. Thus, the capable of repetition yet evading review exception is inapplicable to Morales Calixto's situation.

    That said, if she is subject to the same action again, the Court notes that her Petition is being dismissed without prejudice. In other words, if Respondents re-detain Morales Calixto without bond, then she is free to reinstate the habeas petition seeking release from custody. However, at this point, the Petition seeking that the Court order her released from custody on bond is **DISMISSED AS MOOT**.

### B.  Jurisdiction

    Respondents argue that Petitioner Mendoza Castro's action cannot proceed under 8 U.S.C. §§ 1252(g) and 1252(b)(9). Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

    The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018)). "There

are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Mendoza Castro is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. His detention pursuant to 8 U.S.C. § 1225(b)(2) may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

Section 1252(b)(9) states, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."

"[C]laims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Thus, in *Nielsen v. Preap*, 586 U.S. 392 (2019), the Supreme Court held Section 1252(b)(9) inapplicable when the petitioners were not asking for review of an order of removal, were not challenging the decision to detain them in the first place or to seek removal, and were not challenging any part of the process by which removability would be determined. *Id.* at 402 (citing *Jennings*, 583 U.S. at 294).

Here, Mendoza Castro does not challenge the Government's authority to remove him from the United States in this Petition. Instead, he challenges his classification under Section 1225(b)(2) instead of Section 1226(a) and the BIA's decision that immigration judges lack authority to provide a bond under Section 1225(b)(2). Thus, Section 1252(b)(9) does not provide a jurisdictional bar.

### C.    Applicability of Section 1225(b)(2) Versus Section 1226(a)

The primary disagreement between the parties is whether Mendoza Castro is now, after twenty-four years of residency in the United States, subject to discretionary release as

ordered by the Immigration Judge pursuant to 8 U.S.C. § 1226(a) or, as the BIA has ruled in *Yajure Hurtado*, 29 I. & N. Dec. 216, subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  This Court agrees with the multitude of cases that have concluded that applying Section 1225 in this situation "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, __F. Supp. 3d__, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (citing cases).

"We begin, as always, with the text." *Esquivel-Quintana v. Sessions*, 581 U.S. 385, 391 (2017).  Section 1225(b)(2)(A) applies to an applicant "seeking admission" to the United States, whereas Section 1226(a) applies to individuals who have been arrested "on a warrant issued by the Attorney General."  8 U.S.C. §§ 1225(b)(2)(A), 1226(a). "Seeking," as noted by other courts, "means 'asking for' or 'trying to acquire or gain.'" *Lepe*, 2025 WL 2716910, at *5 (citing Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/seeking).  "And the use of a present participle, 'seeking,' necessarily implies some sort of present-tense action." *Id.* (citation modified).  As noted by the Southern District of New York:

> [S]omeone who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily then be described as "seeking admission" to the theater . . . . Even if that person, after being detected, offered to pay for a ticket, one would not ordinarily describe them as "seeking admission."

*Lopez Benitez v. Francis*, __F. Supp. 3d__, 2025 WL 2371588, at *7 (S.D.N.Y. Aug. 13, 2025).  Respondents point to Section 1225(a)(1), which states, "[a noncitizen] present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." However, if Section 1225 was intended to apply to all applicants for admission, "there would be no need to include the phrase 'seeking admission' in the statute." *Lopez Benitez*, 2025 WL 2371588, at *6; *see also Vasquez-Garcia v. Noem*, No. 25-cv-2180-DMS-MMP, 2025 WL 2549431,

at *6 (S.D. Cal. Sept. 3, 2025) ("Only those who take affirmative acts, like submitting an application for admission, are those who can be said to be 'seeking admission' within § 1225(b)(2)(A).").

Furthermore, Respondents' interpretation ignores the statutory scheme. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Lepe*, 2025 WL 2716910, at *6 (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). "Section 1225 'authorizes the Government to detain certain aliens *seeking admission* into the country,' whereas section 1226 'authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings.'" *Id.* (quoting *Jennings*, 583 U.S. at 287). This is reinforced by the title of Section 1225: "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." 8 U.S.C. § 1225. "'Inspection' is a process that occurs at the border or other ports of entry." *Lepe*, 2025 WL 2716910, at *6 (citing *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1183 (9th Cir. 2021)).

Petitioner Mendoza Castro, under the plain meaning of the statute, is not seeking admission to the United States. He has lived in the United States for twenty-four years and has not taken any affirmative act, such as submitting an application for admission to the United States. He was not arrested at the border or a port of entry where he was subject to inspection. Instead, he was arrested on a warrant while already in the United States, and thus, is subject to Section 1226.

To the extent the addition of Section 1225(a) renders the two statutes ambiguous or unclear as to which section applies, the Court turns to principles of statutory construction. *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025) ("[E]ven when a statute is ambiguous or internally contradictory, courts must 'use every tool at their disposal to determine the best reading of the statute.'" (quoting *Loper Bright Enters. v. Raimundo*, 603 U.S. 369, 400 (2024))). "[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or

insignificant." *Rodriguez*, 779 F. Supp. 3d at 1258 (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

Section 1226 carves out a statutory category of non-citizens who, despite being arrested while already in the country, may not be released because of their criminal or terrorist activities. 8 U.S.C. § 1226(c). If, as Respondents argue, all non-citizens arrested while already in this country are subject to mandatory detention under § 1225, there would be no need to carve out an exception for those who had committed criminal or terrorist activities. *See Rosado v. Figueroa*, No. CV 25-2157-DHX-DLR (CDB), 2025 WL 2337099, at *9 (D. Ariz. Aug. 11, 2025) (reasoning that if Section 1225's "mandatory detention provisions apply to all noncitizens present in the United States who have not been admitted, it would render superfluous provisions of § 1226 that apply to certain categories of inadmissible noncitizens"); *Rodriguez*, 779 F. Supp. 3d at 1258 (noting that if the court were to adopt a reading of Section 1225 advanced by the BIA, it would render significant portions of Section 1226(c) meaningless). To avoid rendering Section 1226(c) completely meaningless, the Court finds non-citizens arrested on a warrant in the interior of the United States are subject to discretionary release on bond under Section 1226(a), not mandatory detention under Section 1225(b)(2)(A).

In addition, "the longstanding practice of the government—like any other interpretive aid—can inform a court's determination of what the law is." *Rosado*, 2025 WL 2337099, at *10 (citation modified) (quoting *Loper Bright*, 603 U.S. at 386). "Until this year, DHS has applied section 1226(a) and its regime of discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation—a practice codified by regulation." *Valencia Zapata v. Kaiser*, __F. Supp. 3d __, 2025 WL 2741654, at *4 (N.D. Cal. Sept. 26, 2025) (citation modified); *see also* Inspection & Expedited Removal of Aliens, 62 Fed. Reg. 10312-01, at 10323 (Mar. 6, 1997).

Against this backdrop, Congress adopted the Laken Riley Act, adding Section 1226(c)(1)(E), which mandates detention for additional categories of criminal aliens.

"When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Rodriguez*, 779 F. Supp. 3d at 1259 (quoting *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995), *abrogated on other grounds by Riley v. Bondi*, 606 U.S. 259, 261 (2025)). "When Congress adopts a new law against the backdrop of a 'longstanding administrative construction,' courts 'generally presume the new provision should be understood to work in harmony with what has come before.'" *Id.* (quoting *Monsalvo Velazquez v. Bondi*, 604 U.S. 712, 725 (2025)).

The longstanding practice of DHS applying Section 1226 to those arrested in the interior of the United States supports the finding that this practice was the best reading of the statute. This conclusion is particularly true because adopting Respondents' interpretation would result in the recently enacted Laken Riley Act being completely meaningless and unnecessary.

Statutory interpretation supports that Section 1226(a), not Section 1225(b)(2)(A), applies to Mendoza Castro's immigration detention. Because an Immigration Judge properly applied Section 1226 and found Mendoza Castro had shown he was not a danger to persons or property or a flight risk provided he posted a $2,000 bond with other conditions, and because DHS's appeal arguing otherwise defies statutory construction and the plain meaning of the statute, Mendoza Castro is being held in violation of federal law. Hence, his petition is **GRANTED**.

//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the reasons stated above, Petitioner Yesenia Morales Calixto's Petition for Writ of Habeas Corpus is **DISMISSED AS MOOT** and **WITHOUT PREJUDICE**.

In addition, Petitioner Lucas Mendoza Castro's Petition for Writ of Habeas Corpus is **GRANTED**. The Court issues the following writ:

> The Court **ORDERS** Respondents to immediately release Petitioner Lucas Mendoza Castro, A221-421-558, from custody on the same bond and conditions of release as ordered by the Immigration Judge on July 18, 2025.

Finally, the Clerk of Court shall close the case.

**IT IS SO ORDERED.**

DATED: November 17, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court